## SAM GRADINGTON v. STATE.

No. A-4419.   Opinion Filed April 8, 1924.

(224 Pac. 722.)

(Syllabus.)

**Homicide—Evidence Sustaining Conviction for Manslaughter in First Degree.** In a prosecution for murder, evidence considered, and held sufficient to sustain a verdict of manslaughter in the first degree.

Appeal from District Court, Oklahoma County; C. C. Smith, Special Judge.

Sam Gradington was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Moman Pruiett and Victor A. Sniggs, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Sam Gradington, was, by information filed in the district court of Oklahoma county, charged with the crime of murder, alleged to have been committed in said county on the 29th day of August, 1911, by shooting one George Munsen with a pistol. As a result of the trial he was convicted of manslaughter in the first degree, and the court by its judgment sentenced him to imprisonment in the penitentiary for a term of 15 years.

The Attorney General has filed a motion to affirm the judgment for the following reasons:

"This appeal was perfected in this court on the 27th day of July, 1922, by the filing of the original case-made and petition in error with the clerk of the Supreme Court of this state, and thereafter, to wit, July 3, 1923, this court made an order permitting the plaintiff in error to withdraw the record for 15 days for the purpose of writing a brief, which order was on said date aforesaid presented to the clerk of

this court, who then and there delivered to the representative of plaintiff in error the record in said appeal. That said record has not been returned according to the aforesaid order of this court, and on December 22, 1923, this court, through its presiding judge, made an order directing the plaintiff in error to return said record instanter, which order was by the clerk of the court duly transmitted to the plaintiff in error or his attorney of record, and said record has not, as yet, on this December 28th, been returned to this court. It is apparent and evident that said appeal was filed wholly for the purpose of delay; there being no merit in said appeal so far as we are able to discover and learn. We therefore respectfully pray the court to enter an order affirming the judgment of the lower court.''

From the brief remaining in the files, it appears that the main contention of counsel for plaintiff in error is that the verdict was against the evidence, and that a new trial should have been granted on the ground of newly discovered evidence.

The facts as stated in the brief filed on behalf of appellant are briefly stated as follows:

The killing occurred in a building on the south side of West California street, in Oklahoma City. The front part of the building was used as a barber shop, and the back part as a negro gambling house. There was no partition between the barber shop and the gambling house except a fence. Next to this building was located the White Star Baggage & Transfer office. On the afternoon of the date alleged, several negroes were in the gambling house in the rear of the barber shop, when the defendant entered through the back door with an automatic pistol in his hand. His talk was very loud and profane, and, threatening Mansfield Simpson, the proprietor of the gambling house, with his pistol, he took from him $25. George Munsen, manager of the White Star Baggage & Transfer office, appeared at the back door of the gambling house with

a gun in his hand and ordered the negroes to stop cursing, saying there were some ladies in the White Star office, and said to the defendant, "Put that gun up." The defendant said, "What have you got to do with it?" and shot George Munsen two or three times. The deceased fell back from the door into the alley, dying almost instantly.

As a witness in his own behalf, the defendant testified that on Sunday before the homicide he was in a free for all dice game at Mansfield Simpson's place; that he noticed that the dice had been sand papered, making an advantage in favor of the man who ran the game, and that he lost his money; that when he appeared in the place on the day of the homicide it was not his intention to kill or shoot anybody; that he knew the reputation of Simpson and his place and carried his gun to keep from being beaten up; that he did not curse or use any profanity in the gambling house, and did not take any money from Mansfield Simpson; that he saw the shape of a pistol in Simpson's pocket, and said, "Listen, boys, don't none of you run out, I ain't going to hurt you, I want some understanding about my money"; that he took the gun from Simpson and gave it to Frank Sparks; that he was not acquainted with George Munsen, the deceased; that while he was talking to Mansfield Simpson this gentleman (the deceased) appeared at the back door and said, "Put those guns up, if you get to shooting in here you are liable to shoot somebody through the wall"; that when he turned the deceased said, "Drop that gun," and had his pistol square on him; that he said, "Mister, I am trying to get some understanding about my money," and deceased said, "Drop that gun, if you don't you will get killed in here," and he cracked right down on me. When he fired I fired as quickly as possible. After I fired the first shot he dropped

in a crouching position with his gun in his hand,. and continued to fire.

It seems the theory of the state was, as the evidence showed or tended to show, that the defendant, while in the perpetration of a felony, committed the homicide, and that he is guilty of murder.

On the facts, which are undisputed, the homicide was perpetrated by the defendant while engaged in the commission of a misdemeanor, and the defendant is guilty of manslaughter in the first degree upon his own testimony. We accordingly hold the motion for a new trial on the ground of newly discovered evidence was properly overruled.

A consideration of the evidence as set forth in plaintiff in error's brief impresses us with the thought that the defendant might well have been convicted of murder. For the reasons stated, the motion to affirm is allowed.

The judgment below is affirmed.

MATSON, P. J., and BESSEY, J., concur.